UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:16-cv-574-HSM-HBG |
| HALL LAW GROUP, PC, and ANDREW HALL, | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), the Rules of this Court, and the referral Order [Doc. 10] of the District Judge.

Now before the Court is the Plaintiff's Motion for Default Judgment and Permanent Injunction [Doc. 7]. The parties appeared before the Court on April 26, 2017, for a motion hearing. Attorney Joycelyn Peyton appeared on behalf of the Plaintiff, and Andrew Hall appeared *pro se*. After considering the filings and the parties' oral arguments made at the hearing, the Court **RECOMMENDS** that the Plaintiff's Motion for Default Judgment and Permanent Injunction [**Doc. 7**] be **GRANTED**.

### I. BACKGROUND

The Complaint [Doc. 1] in this case was filed on September 21, 2016, against Defendants Andrew Hall and Hall Law Group, PC ("Hall Law Group"). The Plaintiff alleges that Defendant Hall Law Group has not paid its federal employment tax liabilities for ten years and that it is indebted to the United States for unpaid federal taxes, which exceed $200,000.00. Further, the Complaint states that prior to incorporating Hall Law Group in 2005, Defendant Andrew Hall operated a sole proprietorship under which he similarly incurred substantial tax liabilities for

unpaid federal employment taxes that were never paid. The Complaint requests an injunction pursuant to 26 U.S.C. § 7402(a), specifically ordering the Defendants to comply with their federal tax obligations. The Complaint was served on the Defendants on October 27, 2016. [Doc. 3].

On January 9, 2017, the District Judge ordered [Doc. 4] the Plaintiff to show good cause why its claims should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b). The District Judge reasoned that Defendants had not filed a responsive pleading or otherwise sought to extend the time to respond to the Complaint and that despite the Defendants' failure, the Plaintiff had not requested that the Clerk enter default, nor had the Plaintiff moved for a default judgment. Following the District Judge's Order, the Plaintiff filed an application for default on January 13, 2017. [Doc. 5].

On February 1, 2017, the Plaintiff moved for a default judgment. [Doc. 7]. On February 7, 2017, the Clerk entered a default. [Doc. 8]. The following day, on February 8, 2017, Defendant Andrew Hall filed an Answer. [Doc. 9]. In his Answer, Defendant Andrew Hall admits to the "failure to submit employment taxes." [*Id.* at 2]. In addition, he asserts that he was the owner of all shares of stock in the Hall Law Group and was responsible for its operation. [*Id.* at 1]. The Answer also states that Hall Law Group is no longer a corporation having been administratively dissolved on August 6, 2016. [*Id.*]. Further, Defendant Andrew Hall admitted paragraph 11 of the Complaint, which alleges:

> Despite timely notice and demand for payment of the assessments described in paragraph 10, Hall Law Group has neglected or refused to make full payment of those assessments. As of September 19, 2016, Hall Law Group is indebted to the United States in the total amount of $206,564.80, which includes interest and penalties that have accrued as of that date, and will continue to accrue thereafter as provided and by law until the balance is paid in full.

[Doc. 1 at 5 and Doc. 9 at 2]. Finally, Defendant Andrew Hall admits that efforts to compel Hall Law Group to meet its employment tax deposit and payment obligations have not been effective. [Doc. 1 at 6 and Doc. 9 at 2].

## II.     ANALYSIS

As an initial matter, during the hearing, the Plaintiff argued that Defendant Andrew Hall admitted that he owed taxes in his Answer. The Plaintiff requested that it be granted injunctive relief as to Defendant Andrew Hall and Defendant Hall Law Group, to the extent it has employees. Defendant Andrew Hall stated that he does not object to the injunction against him and confirmed to the Court that he was not requesting that the default be set aside. With respect to Defendant Hall Law Group, Defendant Andrew Hall stated that an injunction against it may cause future issues. He explained that if any attorney wanted to use the Hall Law Group name in the future, he/she may encounter issues if the injunctive relief is granted.

Pursuant to 26 U.S.C.A. § 7402(a), "The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, . . . orders of injunction, . . . as may be necessary or appropriate for the enforcement of the internal revenue laws." As mentioned above, the Clerk entered a default against Defendant Andrew Hall. Although he filed an Answer, Defendant Andrew Hall acknowledged at the hearing that he had no objection to a consent judgment against him. Accordingly, pursuant to Defendant Hall's agreement, the Court **RECOMMENDS** that the injunctive relief, as set forth in the Plaintiff's Motion, be granted.

With respect to Defendant Hall Law Group, the Court notes that the Clerk also entered a default against it. *See AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) ("Once the Clerk has entered a default against a defendant, the Court must treat all well-pleaded allegations in the Complaint as true."). The only argument submitted to the Court in opposition of the default was that attorneys in the future may want to use the name. The Court finds that such

3

an argument does not establish good cause for setting aside a default.  *See* Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause."); *see also United Coin Meter Co. v. Seaboard Coastline Railroad*, 705 F.2d 839, 844 (6th Cir. 1983) (explaining that to determine good cause, the court must consider whether the default was willful, whether a set-aside would prejudice the plaintiff, and whether the alleged defense was meritorious).  Accordingly, the Court **INCORPORATES BY REFERENCE** the allegations as set forth by the Plaintiff in the Complaint.

The mere fact of Defendant Hall Law Group's liability, however, does not automatically entitle the Plaintiff to a default judgment.  *See AF Holdings, LLC*, 976 F. Supp. 2d at 929.  "Even after entry of default, the discretion to grant a default judgment is within the Court's discretion."  *Id.*  As explained above, 26 U.S.C.A. § 7402(a) allows injunctive relief to enforce internal revenue laws.  Here, Defendant Andrew Hall admitted that Defendant Hall Law Group is indebted to the United States and that it has neglected or refused to make full payment on its obligations.  The Court finds that the Plaintiff's proposed Default Judgment and Order for Permanent Injunction [Doc. 7-3] contains very specific language regarding injunctive relief, and the Court finds injunctive relief appropriate.  *See S.E.C. v. Diversified Corporate Consulting Group*, 378 F.3d 1219, 1228 (11th Cir. 2004) (approving permanent injunctive relief against a corporation that had been administratively dissolved because the corporation could be reinstated by filing an application with the Florida Secretary of State).[1]

Accordingly, the Court **RECOMMENDS** that the injunctive relief as set forth in the Plaintiff's Motion be granted as to Defendant Hall Law Group.  *See* Tenn. Code Ann. § 48-24-105(b)(5) (dissolution of a corporation does not prevent commence of a proceeding against the

---

[1] *See* Tenn. Code Ann. § 48-24-203(a) (explaining that a corporation that has been dissolved may apply to the secretary of state for reinstatement).

corporation in its corporate name); *see also Balentine v. Allen*, No. 2:13-cv-02358, 2015 WL 1396524, *9 (W.D. Tenn. Mar. 26, 2015) (explaining that when the plaintiff initiated the lawsuit, the defendant was a dissolved corporation but that its corporate existence continued for the purposes of plaintiff's rights against it).

**III.    CONCLUSION**

For the reasons set forth above, the undersigned **RECOMMENDS**[2] that the Plaintiff's Motion for Default Judgment and Permanent Injunction [**Doc. 7**] be **GRANTED**.

Respectfully submitted,

_____
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).