UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| UNITED STATE OF AMERICA, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 3:16-cv-574 |
| v. ) | |
| ) | Judge Mattice |
| HALL LAW GROUP & ) | Magistrate Judge Guyton |
| ANDREW HALL, ) | |
| ) | |
| *Defendants.* ) | |

## **ORDER**

On May 4, 2017, United States Magistrate Judge Bruce Guyton filed his Report and Recommendation (Doc. 12) pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Magistrate Judge Guyton recommends that Plaintiff's Motion for Default Judgment and Permanent Injunction (Doc. 7) be granted. Defendant has filed no objections to the Magistrate Judge's Report and Recommendation.[1] Nevertheless, the Court has conducted and reviewed the Report and Recommendation, as well as the record, and it agrees with Magistrate Judge Guyton's well-reasoned conclusions.

Accordingly, the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Guyton's findings of fact, conclusions of law, and recommendations pursuant to § 636(b)(1) and Rule 72(b). Plaintiff's Motion for Default Judgment and Permanent Injunction (Doc. 7) is hereby **GRANTED**, and the Court **ORDERS** as follows:

---

[1] Magistrate Judge Guyton specifically advised Defendant that he had 14 days in which to object to the Report and Recommendation and that failure to do so would waive his right to appeal. (Doc. 12 at 5 n.2); *see* Fed. R. Civ. P. 72(b)(2); *see also Thomas v. Arn*, 474 U.S. 140, 148-51 (1985) (noting that "[i]t does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

(1) That Defendants Hall Law Group P.C. and Andrew Hall are enjoined from further accruing unpaid federal employment and unemployment tax liabilities.

(2) This injunction order authorizes enforceable injunctive relief and, if any provision of this permanent injunction is violated, the injunction can be enforced by the United States or the Court through the mechanisms set forth below.

(3) An injunction shall issue as follows from the date of this Order:

    a. Parties Covered by Injunction: This injunction binds Hall Law Group P.C. and Andrew Hall, as well as any agents, employees, and persons in concert or participation with them, in whatever form they continue to carry on their business.

    b. Withholding Requirement: Defendant Hall Law Group P.C. shall withhold federal income and FICA taxes from the wages of its employees when those wages are paid, shall keep the withheld funds in a bank account separate from any operating account or other accounts, and shall pay the withheld taxes to the Internal Revenue Service as they become due and payable.

    c. Deposit Requirements: In accordance with federal deposit regulations, Case 3:16-cv-00574-HSM-HBG Document 7-3 Filed 02/01/17 Page 4 of 6 PageID #: 71 5 Hall Law Group shall make timely deposits of withheld federal income and FICA taxes and its share of FICA and FUTA taxes in an appropriate federal depository

bank each quarter, in accordance with the federal deposit regulations.

d. Reporting Requirements: No later than the 20th day of each month, Hall Law Group P.C. shall sign and deliver affidavits or other proof to the Internal Revenue Service, c/o Jeffrey Robards, at 801 Broadway, Nashville, Tennessee 37203 showing that the requisite withheld federal income taxes, FICA taxes (both the employees' withheld portion and the employer's portion), and unemployment tax deposits were timely made.

e. Return Requirements: Hall Law Group P.C. shall timely file with the IRS its employment (Form 941) and unemployment (Form 940) tax returns. Each return shall be considered to be timely filed if it is filed before the date it is due or within three days after the return is due. Hall Law Group P.C. shall pay any balance due on those returns upon filing.

f. Transfer Prohibition: Defendants are prohibited after the date of this permanent injunction from assigning any property or making any disbursements until all income taxes and FICA taxes required to be withheld from employees' wages (together with the employer's liability for FICA taxes and FUTA taxes) are in fact paid to the IRS.

g. Quarterly Statement Requirements: Hall Law Group P.C. shall provide a quarterly statement of income and expenses and to timely make a quarterly estimated tax payment of personal income taxes to the Internal Case 3:16-cv-00574-HSM-HBG Document 7-3 Filed

6 Revenue Service at Knoxville, Tennessee, or at such other location as the IRS may deem appropriate.

(4) If Defendants Hall Law Group P.C. and Andrew Hall, or anyone subject to this injunction violates any part of this injunction, the following enforcement mechanisms may be taken:

    a. the IRS may seize defendant Andrew Hall's business property or any other entity that the defendants use, direct, or control as part of their business, and may sell the seized property to satisfy his outstanding tax liabilities; and

    b. the Court may find defendant Andrew Hall to be in civil or criminal contempt and punish him with a fine, incarceration, or both.

(5) Defendant Hall Law Group P.C. shall deliver to all of its current employees a copy of this Permanent Injunction Order.

(6) The United States shall be permitted to issue discovery requests during the pendency of the injunction to ensure that the defendant is in compliance with the injunction. The United States may provide notice of the entry of this injunction under Fed. R. Civ. P. 65 by mailing a true and correct copy thereof by certified or registered mail to Defendants.

(7) That this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcing this injunction and entering all additional decrees and orders necessary and appropriate for the public interest.

**SO ORDERED** this 9th day of June, 2017.

_____
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE